UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Madden,

Plaintiff,

v. Civil Action No. 2:14-cv-266

Town of New Haven, Vermont,

Defendant.

**OPINION AND ORDER**
(Doc. 17)

New Haven, Vermont resident and "Registered Voter" John Madden, proceeding *pro se*, brings this voting-rights action under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 against the Town of New Haven (the "Town"). (*See* Doc. 1.) Specifically, Madden claims that the Town "has deprived the registered voters of the Right of Vote" by amending the "Town Plan Land Use Zoning Districts Map"[1] without holding an Australian ballot vote under 24 V.S.A. § 4385(c).[2] (*See* Doc. 1.) For relief, Madden seeks an order that amendments to the "Town Plan Land Use Zoning Districts Map" be made by Australian ballot vote. (*Id.*) The Town filed an Answer on January 16, 2015,

[1] Madden has attached to his Complaint what he asserts is a copy of the "Town Plan Land Use Zoning Districts Map" that he contends is mandated by 24 V.S.A. § 4382(a)(2) and subject to the requirements of 24 V.S.A. § 4385(c). (*See* Doc. 1-1.) Document 1-1 is entitled "Town of New Haven Zoning Districts" and indicates that it depicts the "Zoning Districts adopted by the Selectboard, May, 2007." (*Id.*)

[2] Section 4385(c) requires a town vote by Australian ballot if the "municipality elects to adopt or amend municipal plans by Australian ballot." For present purposes, the Court presumes that the Town has done so. Madden's May 11, 2015 and June 20, 2015 filings confirm that. (*See* Doc. 23 at 2 (reciting decision at the Town's March 6, 2000 Town Meeting to adopt Town Plans and amendments by Australian ballot); Doc. 30 at 3 (same).)

denying that the Court has jurisdiction to hear Madden's claim, denying that it deprived the Town's voters of the right to vote as Madden claims, and asserting a variety of affirmative defenses, including res judicata. (Doc. 6 at 1–3.)

On April 8, 2015, the Town filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6), (Doc. 17), and accompanying memorandum in support (Doc. 17-1).[3] The Town argues that the Court lacks subject-matter jurisdiction to hear the action; that a determination by the Vermont Superior Court, Environmental Division precludes federal consideration; that Madden lacks standing to bring the action; and that Madden has failed to present any legally cognizable case or controversy. (Doc. 17.) The Town also seeks an award of its costs and attorney's fees in regards to its Motion to Dismiss. (Doc. 17-1 at 6.) Madden filed a Response on May 11, 2015. (Doc. 23.)

The Court held a hearing on the Town's Motion to Dismiss on June 19, 2015. The Court has also reviewed Madden's post-hearing filing dated June 20, 2015. (Doc. 30.) All parties have consented to direct assignment to the undersigned Magistrate Judge. (Docs. 3, 7.) For the reasons discussed below, the Town's Motion to Dismiss (Doc. 17) is GRANTED and the case is DISMISSED.

## Background

Madden's one-page Complaint contains few factual allegations other than those stated above. For the purposes of the Town's res judicata argument, the Court takes

[3] The Town also cites Fed. R. Civ. P. 12(b)(2) and 41(b), (*see* Doc. 17 at 1), but offers no analysis as to why the Court might lack personal jurisdiction over the Town, or how Madden might have failed to prosecute the case or to comply with the procedural rules or any court order. Accordingly, the Court will not dismiss the case on Rule 12(b)(2) or Rule 41(b) grounds.

notice of the Vermont Superior Court, Environmental Division's decisions in *Madden v. Town of New Haven*, No. 49-4-14 Vtec.[4] In that case, Madden appealed *pro se* the Town Selectboard's decision to amend the Town bylaws and Zoning Map to reflect zoning changes to a certain parcel of land within the Town. In a decision dated September 12, 2014, the Superior Court, Environmental Division granted summary judgment to the Town, rejecting Madden's assertion that amending the Zoning Map requires a town vote by Australian ballot. Specifically, the court reasoned as follows:

> [Madden's] assertion arises out of an apparent failure to distinguish between the Zoning Map and the Town Plan Map. Zoning maps are part of the zoning regulations and provide a visual representation of existing bylaws as applied to "different classes of situations, uses, and structures and to different and separate districts of the municipality." 24 V.S.A. § 4411(b); Town of New Haven Zoning Bylaws, Art. II § 220 ("The official Zoning Map is hereby made a part of these regulations . . . ."). Distinct from the zoning map, the town plan map (alternatively referred to as the Land Use Map) is part of the *town plan* and reflects both the present and prospective location and character of land uses and guides the sequence of development. 24 V.S.A. § 4382(a)(2). Thus, an amendment to the Zoning Map must be in accord with the procedural requirements for amending the Town bylaws, whereas an amendment to the Town Plan Map must follow the procedural requirements for amending the Town Plan. While Mr. Madden is entitled to the benefit of all reasonable doubts and inferences, his mistaken belief that the changes in the zoning of parcel 788.1 are reflected in the Town Plan Map is not grounded in fact or law. It is therefore undisputed that the changes will be represented in the Town's Zoning Map and that the Selectboard followed the proper statutory procedures for amending the Town bylaws.

[4] Those decisions are the proper subject of judicial notice. *See Briggs v. Warfield*, No. 2:06-CV-227, 2007 WL 4268918, at *3 (D. Vt. Nov. 30, 2007) ("When a party moves to dismiss on the basis of *res judicata*, the Court may consider both the face of the complaint and matters of which the Court may take judicial notice, including prior court decisions.").

*Madden v. Town of New Haven*, No. 49-4-14 Vtec, 2014 WL 4796649, at *2 (Vt. Super. Ct., Environmental Div. Sept. 12, 2014) (Walsh, J.) (footnote omitted).[5] The court also observed that "[w]hile [24 V.S.A.] § 4411(b) allows for a municipality to designate the Town Plan Map (Land Use Map) as the zoning map, the Town of New Haven has not done so." *Id.* at *2 n.4. The court accordingly entered judgment for the Town. (*See* Doc. 17-2.)

On October 9, 2014, Madden filed a motion to amend, arguing that he has been deprived of his right to vote. Treating that motion as a motion to amend judgment under V.R.C.P. 59(e), the court denied the motion, reiterating that "[t]he matter at issue in this appeal is an amendment to the Town bylaws and Zoning Map, not the Town Plan Map." *Madden*, No. 49-4-14 Vtec, 2014 WL 6600135, at *2 (Oct. 28, 2014), *available at* https://www.vermontjudiciary.org/GTC/Environmental/ENVCRTOpinions2010-Present/Madden%20v%20%20New%20Haven%2049-4-14%20Vtec%20M%20Alter.pdf. The court accordingly concluded that, "[d]espite disagreeing with the Court's legal analysis, Mr. Madden points to no justification for disturbing our judgment." *Id.*

On November 14, 2014, Madden filed a second motion to amend, again arguing that he has been deprived of his right to vote. Again treating the motion as brought under V.R.C.P. 59(e), the court denied the motion as untimely. *Madden*, No. 49-4-14 Vtec, 2014 WL 7640784, at *1 (Nov. 20, 2014), *available at* https://www.vermontjudiciary.org/GTC/Environmental/ENVCRTOpinions2010-

[5] The September 12, 2014 opinion appears in the docket of this case as Document 17-3. It is also available at https://www.vermontjudiciary.org/GTC/Environmental/ENVCRTOpinions2010-Present/Madden%20v%20%20New%20Haven%2049-4-14%20Vtec%20EO%20%20XMSJ.pdf.

Present/Madden%20No%20%2049-4-14%20Vtec%20Amend%202.pdf. The court further reiterated its prior conclusion that the Zoning Map is distinct from the Town Plan Map. *Id.* The court also rejected Madden's assertion that, under 24 V.S.A. § 4410, the Zoning Map and the Town Plan Map are required to be the same. *Id.* at *2. Finally, the court stated:

> If Mr. Madden, or any other party, wishes to appeal our September 12, 2014 decision to the Vermont Supreme Court, they were required to do so by following the procedures set out in the Vermont Rules for Environmental Court Proceedings and the Vermont Rules of Appellate Procedure. Under Rule 5(k)(2) of the Vermont Rules for Environmental Court Proceedings, the deadline for such an appeal was October 13, 2014.
>
> *This matter is closed and no further motions will be considered.*

*Id.* It does not appear that Madden attempted to file any appeal with the Vermont Supreme Court. Madden filed his Complaint in this Court on December 16, 2014. (Doc. 1.)

## Analysis

### I. Subject-Matter Jurisdiction

The Town has advanced arguments under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court is required to address the Rule 12(b)(1) arguments first. *See Drown v. Town of Northfield*, No. 2:14-CV-80, 2015 WL 1393250, at *3 (D. Vt. Mar. 25, 2015) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

#### A. Rule 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court 'lacks the statutory or constitutional power to adjudicate

it.'" *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "'A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (quoting *Makarova*, 201 F.3d at 113). The issue of subject-matter jurisdiction may be raised at any time. *McCain v. United States*, No. 2:14-cv-92, 2015 WL 1221257, at *19 (D. Vt. Mar. 17, 2015); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1361 (3d ed. 2015) (motion raising subject-matter jurisdiction may be considered even when interposed after the responsive pleading has been filed).

**B. Case or Controversy Requirement—Standing**

Article III of the United States Constitution "limits the judicial power of the United States to resolution of cases and controversies." *Jewish People for the Betterment of Westhampton Beach v. Vill. of Westhampton Beach*, 778 F.3d 390, 394 (2d Cir. 2015). "One aspect of this limitation is the requirement that the plaintiff have standing to sue, which 'serves to prevent the judicial process from being used to usurp the powers of the political branches.'" *Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)). "To satisfy this jurisdictional requirement, '(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision.'" *Jewish People for the*

*Betterment of Westhampton Beach*, 778 F.3d at 394 (quoting *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009)).

The Town contends that Madden "makes no claim whatsoever of particularized harm" and raises only a "generalized grievance." (Doc. 17-1 at 4.) However, the Town concedes that individuals can enforce procedural rights in certain circumstances. (*Id.* at 3.) Indeed, as the Supreme Court has stated, "a 'person who has been accorded a procedural right to protect *his concrete interests* can assert that right without meeting all the normal standards for redressability and immediacy.'" *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 n.7 (1992)); *see also Lujan*, 504 U.S. at 573 n.8 (individual can enforce procedural rights "so long as the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing").

Here—as in an earlier case in this Court brought by Madden against the Town also involving voting rights—Madden is asserting that his due process rights have been harmed by the Town's failure to present an issue for a town vote. *See Madden v. Town of New Haven*, No. 1:07-CV-111, 2007 WL 4143209, at *2 (D. Vt. Nov. 19, 2007). The Court concluded in that case that Madden was arguing procedural harm, and therefore had "an arguable claim for standing to bring suit." *Id.* The same is true here; dismissal for lack of standing is not appropriate.

### C. Federal-Question Jurisdiction

Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the

requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). Here, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332: Madden and the Town are both citizens of Vermont for diversity-jurisdiction purposes. Thus jurisdiction, if it exists in this case, would be federal-question jurisdiction under 28 U.S.C. § 1331.

"For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry 'depends entirely upon the allegations in the complaint' and asks whether the claim as stated in the complaint 'arises under the Constitution or laws of the United States.'" *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (quoting *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003)). "Provided that it does, the district court has subject matter jurisdiction unless the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* (quoting *Carlson*, 320 F.3d at 306). "[W]hether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits." *Id.*

The Town argues that Madden's case "relates strictly to a matter of state law"—namely, the procedure for adopting a zoning change—and therefore implicates no federal rights. (Doc. 17-1 at 4–5.) However, as in Madden's 2007 case in this Court, Madden asserts "that the failure to hold a town vote violated state law, and in turn violated Madden's federal right to due process . . . ." *Madden*, 2007 WL 4143209, at *1.

Madden's claim therefore arises under the Constitution of the United States, and—since it alleges a violation of his federal civil rights—it is not immaterial or frivolous such that dismissal for lack of subject-matter jurisdiction would be appropriate. *See id.* (not addressing "viability" of due process claim premised on alleged failure to hold a town vote as required by state law, but rejecting argument that Madden had failed to allege a violation of a protected state or federal right).

## II. Claim-Preclusion Defense

### A. Timeliness of Claim-Preclusion Defense

"Claim preclusion is an affirmative defense; it does not go to subject-matter jurisdiction." *O'Connor v. Pierson*, 426 F.3d 187, 194 (2d Cir. 2005). Thus the Town's preclusion argument should be considered under Rule 12(b)(6). *See Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."). The Town's preclusion argument is therefore untimely, because the Town filed its Motion to Dismiss after filing its Answer, and because Rule 12(b) motions generally "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). However, the Court will allow the untimely Motion because the Town raised preclusion as a defense in its Answer. *See Jennings Oil Co. v. Mobil Oil Corp.*, 80 F.R.D. 124, 127 n.4 (S.D.N.Y. 1978) (considering untimely 12(b)(6) motion because the defense was asserted in the answer); *see also* 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1361

(3d ed. 2015) ("[F]ederal courts have allowed untimely [Rule 12(b)] motions if the defense has been previously included in the answer.").

**B. Rule 12(b)(6) Standard**

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). As noted above, dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco*, 231 F.3d at 86. Because Madden represents himself, he is entitled to a liberal construction of his pleadings. *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (per curiam).

**C. The Law of Claim Preclusion**

Under the Full Faith and Credit Act, "judicial proceedings of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "To qualify for full faith and credit under the Act, the 'state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" *Conopco*, 231 F.3d at 87 (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982)). "To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state." *Id.*

Under Vermont's claim-preclusion doctrine, "'a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical.'" *Citimortgage, Inc. v. Dusablon*, 2015 VT 68, ¶ 13 (quoting *Faulkner v. Caledonia Cnty. Fair Ass'n*, 2004 VT 123, ¶ 8, 869 A.2d 103). "The doctrine 'bars parties from relitigating, not only those claims and issues that were previously litigated, but also those that could have been litigated in a prior action.'" *Natural Res. Bd. Land Use Panel v. Dorr*, 2015 VT 1, ¶ 10, 113 A.3d 400 (quoting *Carlson v. Clark*, 2009 VT 17, ¶ 13, 185 Vt. 324, 970 A.2d 1269).[6] In short, "[c]laim preclusion is found where (1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Breslin v. Synnott*, 2012 VT 57, ¶ 8, 192 Vt. 79, 54 A.3d 525 (internal quotation marks omitted).

**D. Effect of the Superior Court, Environmental Division's Rulings**

Here, all of the elements of claim preclusion are satisfied. The Superior Court, Environmental Division's September 12, 2014 judgment is undoubtedly a "judgment" on the merits. Nor is there any question that finality was achieved, at least by the time the court issued its November 20, 2014 decision denying Madden's second motion to amend.

---

[6] Prior to 1984, the Second Circuit had suggested that, in § 1983 actions, "a prior state court proceeding does not bar federal court consideration of constitutional claims not *actually litigated* and determined in that proceeding." *Gargiul v. Tompkins*, 704 F.2d 661, 666 (2d Cir. 1983) (emphasis added). The Supreme Court reversed and remanded that decision for further consideration in light of *Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984). *Tompkins v. Gargiul*, 465 U.S. 1016 (1984). It is now settled that res judicata "applies equally to constitutional claims arising under § 1983 which *could have been* argued in an earlier state court proceeding" *Coolidge v. Coates*, No. 1:06-CV-92, 2006 WL 3761599, at *3 (D. Vt. Nov. 20, 2006) (emphasis added) (citing *Migra*, 465 U.S. at 84–85)).

And the parties in the state-court proceedings were exactly the same parties as the parties here.

Finally, Madden's claim that he was deprived of his right to vote was fully litigated in the Superior Court, Environmental Division. Madden raised precisely that claim in both of his post-judgment motions to amend in that case. As described above, the court rejected that claim, reasoning that Madden's suit concerned the Zoning Map (amendable by the Town's Selectboard under 24 V.S.A. §§ 4309(9), 4441, and 4442(c)(1)) rather than the Town Plan Map (amendment of which requires the procedures stated in 24 V.S.A. § 4385(c)). Because it determined that there was no state-law right to a town vote on an amendment to the Zoning Map, the court apparently also determined that Madden's procedural due process rights were not violated. And even if Madden did not specifically frame his right-to-vote claim as a federal due process claim, it was at least a claim that Madden could have raised in the state-court proceedings. Madden offers no reason for concluding that the state-court proceedings themselves failed to satisfy procedural due process.[7]

## III. Leave to Amend

The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698,

[7] At the June 19, 2015 hearing, Madden stated that in the Superior Court litigation he could not "get through" to Judge Walsh. It appears that Madden was unable to persuade Judge Walsh to rule in his favor, but that does not prove that the proceedings failed to satisfy procedural due process.

705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Nonetheless, leave to amend may be denied in certain circumstances, including futility. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Here, better pleading will not cure the res judicata bar. Accordingly, the Court denies leave to amend.

## IV. Costs and Fees

In its memorandum in support of dismissal, the Town summarily requests an award of its costs and attorney's fees. (Doc. 17-1 at 6.) Costs and fees are governed by Fed. R. Civ. P. 54, and by L.R. 54 in the District of Vermont. Under the Local Rules, "[t]axable costs are limited to those specified by 28 U.S.C. § 1920 and must be claimed using the Bill of Costs [Form AO-133]. All costs must be itemized and include supporting documentation, such as billing statements, invoices, or receipts for expenses." L.R. 54(a). To recover attorney's fees, the Town must file a motion as required by Fed. R. Civ. P. 54(d)(2)(A). Under Fed. R. Civ. P. 54(d)(2)(B), the Town must specify in that motion what "statute, rule, or other grounds" justify departure from the American Rule. *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (discussing American Rule under which each party is required to bear its own litigation expenses).

If the Town seeks fees under 42 U.S.C. § 1988, then the Town must show that Madden's action was not just meritless but "'frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Christiansburg Garment Co. v. Equal Employment*

*Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).[8] Regarding both costs and fees, the Town must also show that it is the "prevailing party." *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (per curiam) (noting that a "prevailing party" is the party who obtains a "'judicially sanctioned change in the legal relationship of the parties,'" and that that meaning applies with respect to both fees and costs and also applies to dismissals obtained by defendants (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001))).[9]

## Conclusion

For the reasons discussed above, the Town's Motion to Dismiss (Doc. 17) is GRANTED and the case is DISMISSED. The Court will consider awarding costs and fees to the Town only if the Town completes the procedural steps described above; offers a basis for concluding that the Town is the "prevailing party"; and—with respect to fees under 42 U.S.C. § 1988—shows that Madden's action was frivolous, unreasonable, or without foundation.

---

[8] Such a showing would appear to be difficult in this case. *See Cascella v. Canaveral Port Dist.*, No. 604CV1822ORL19DAB, 2006 WL 66719, at *5 (M.D. Fla. Jan. 10, 2006) ("Awarding attorneys' fees on the basis of the fact that the suit was dismissed based largely on the application of res judicata would be an incorrect application of the legal standard on frivolous suits under 42 U.S.C. section 1988."); *Webber v. Mills*, 597 F. Supp. 316, 319 (S.D. Fla. 1984) (defendant in federal civil rights suit was not entitled to attorney's fees; plaintiff's federal suit "was not groundless simply because it was dismissed under the doctrine of *res judicata*").

[9] That issue, too, is potentially difficult for the Town. *See Perry v. Estates of Byrd*, No. 1:13-cv-01555(ALC)(FM), 2014 WL 2998542, at *7 n.8 (S.D.N.Y. July 3, 2014) (suggesting that a litigant who successfully obtains a dismissal of a claim on preclusion grounds might not be a "prevailing party" for the purposes of costs or attorneys' fees), *appeal dismissed*, No. 14-2860 (2d Cir. Feb. 4, 2015), ECF No. 85; *RBC Nice Bearings, Inc. v. SKF USA Inc.*, Civil Action No. 3:06-CV-1880 (JCH), 2011 WL 6140919, at *2 (D. Conn. Dec. 9, 2011) (declining to award costs to either party because summary judgment was awarded on the basis of res judicata and neither party was the "prevailing party").

Dated at Burlington, in the District of Vermont, this 14th day of July, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge