UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Madden,

    Plaintiff,

    v.                                                  Civil Action No. 2:14-cv-266

Town of New Haven, Vermont,

    Defendant.

## OPINION AND ORDER
(Docs. 33, 35)

This is a voting-rights case brought *pro se* by New Haven, Vermont resident John Madden against the Town of New Haven, Vermont (the "Town"). On July 14, 2015, the Court issued an Opinion and Order (O&O) granting the Town's Motion to Dismiss on the grounds that Madden's claim was barred by the doctrine of claim preclusion. (*See* Doc. 31.) Familiarity with the July 14 O&O is presumed. On July 15, 2015, the Court entered Judgment dismissing the case. (Doc. 32.)

On August 11, 2015, Madden filed a Motion to Amend the Judgment. (Doc. 33.) The Town opposes Madden's Motion and has filed a Motion for Order of Protective Relief. (*See* Docs. 34, 35.) Madden has filed a Reply in support of his Motion to Amend, combined with an Opposition to the Town's Motion. (*See* Docs. 36, 37.) All parties have consented to direct assignment to the undersigned Magistrate Judge. (Docs. 3, 7.) For the reasons

discussed below, Madden's Motion to Amend the Judgment (Doc. 33) is DENIED and the Town's Motion for Order of Protective Relief (Doc. 35) is DENIED.

## I.     Madden's Motion to Amend the Judgment

Madden insists that the Town deprived him and other Town voters of their right to vote, arguing that amending the Town's Zoning Map requires a town vote by Australian ballot.  (*See* Doc. 33-1 at 3–7.)  The Town opposes amendment, arguing that Madden "makes no new assertions of facts, presents no new evidence, and cites no new law or legal argument."  (Doc. 35 at 2.)[1]  "A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Hollander v. Members of Bd. of Regents of Univ. of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Here, Madden does not point to any change in controlling law or to any new evidence bearing on the issue of claim preclusion.  He persists in his argument that the Vermont Superior Court, Environmental Division erred in its conclusions, and specifically in its conclusion that the Town's Zoning Map is distinct from its Town Plan Map.  As this Court previously explained, however, Madden raised that claim in the Superior Court,

---

[1]  The Town also argues that Madden's Motion should be denied because the July 14, 2015 O&O "explicitly precluded the ability of the parties to file for leave to amend." (Doc. 35 at 2.)  Not so.  The Court in the O&O denied leave to amend the *pleadings* under Fed. R. Civ. P. 15 because it concluded that "better pleading will not cure the res judicata bar." (Doc. 31 at 13.)  Nothing in the O&O purported to limit any party's right to seek amendment to the *judgment* under Fed. R. Civ. P. 59(e).

2

Environmental Division; further litigation on that claim is precluded.[2]  Accordingly, Madden has not met his burden and his Motion to Amend the Judgment (Doc. 33) is DENIED.

## II.     The Town's Motion for Order of Protective Relief

The Town asserts that Madden has engaged in a pattern of burdensome litigation, and that the Court should bar Madden from filing further cases in this Court against the Town without first obtaining leave from the Court.  (Doc. 35 at 2–4.)  Madden maintains that he has a positive record of civic engagement.  (Doc. 37 at 8; Doc. 37-1.)[3]  The test for an order like the one the Town seeks is well settled; the Court must consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

---

[2]  Madden's position might be construed as an argument that adhering to the doctrine of res judicata would be inequitable.  Some courts have held that the doctrine might be overcome in extraordinary cases.  *See Loucke v. United States*, 21 F.R.D. 305, 310 (S.D.N.Y. 1957) ("[W]here the demands of fairness and decency in the individual case are extraordinary and so compelling that it would be grossly inequitable to adhere to the strict doctrine of *res judicata*, the interest of finality of litigation will be subordinated to that of plain justice.").  Even so, Madden's case would not rise to that level.  Madden's insistence that the Zoning Map and the Town Plan Map are the same document is unsupported by any law or evidence.  The Town may indeed have incorporated the Zoning Map into its Zoning Bylaws.  (*See* Doc. 33-1 at 6.)  But that does not mean that the Town designated the Town Plan Map as the Zoning Map.

[3]  Madden also points to the Court's earlier conclusions regarding standing and federal-question jurisdiction.  (*See* Doc. 37 at 9–12.)  It is true that the Court declined to dismiss the above-captioned case for lack of standing or for lack of federal-question jurisdiction.  (*See* Doc. 31 at 6–9.)  But the Court also concluded that Madden's suit was barred by the doctrine of claim preclusion.

**A.     History of Litigation**

Even prior to the above-captioned case, Madden had a growing history of *pro se* litigation in federal court.  In 2005, this Court ordered that Madden be required to request leave of the Court before filing further complaints against the courts of the State of Vermont.  *Madden v. Vt. Envtl. Court*, No. 1:04CV312, 2005 WL 1423302, at *2 (D. Vt. June 14, 2005).  The Court issued that order after noting that Madden had filed at least three prior federal suits against the Vermont Supreme Court, each of which was dismissed for lack of subject-matter jurisdiction, with each dismissal affirmed by the Second Circuit.  *See id.* at *1 (citing *Madden et al. v. Vt. Supreme Court*, No. 1:00-CV-121; *Madden v. Vt. Supreme Court*, 1:00-CV-371; *Madden v. Vt. Supreme Court*, 1:00-CV-462).  All of that federal litigation appears to have been related to action in the Vermont Environmental Court and Vermont Supreme Court concerning development within the Town of New Haven.[4]

In 2007, Madden filed suit in this Court against the Town, alleging that the Town violated his constitutional rights by adopting amendments to the Zoning and Subdivision Bylaws on June 27, 2006 despite a petition signed by more than five percent of the Town's voters calling for a vote on the procedure for adopting such amendments.  *See Madden v. Town of New Haven*, No. 1:07-CV-111, 2008 WL 2483295, at *1 (D. Vt. June 17, 2008).  The Court denied the Town's initial motion to dismiss, but warned that the complaint would be dismissed unless Madden showed good cause for his failure to properly serve the

---

[4] My brief review of Vermont state cases suggests that, beginning in 1999, Madden filed numerous appeals in the Vermont Environmental Court and the Vermont Supreme Court regarding development within the Town.  That course of litigation was protracted, and it appears that in a variety of motions Madden sought reconsideration, interlocutory appeal, and recusal of judges.  Madden cites some of the state-court litigation in support of his contention that he has a positive record of civic engagement.  (*See* Doc. 37-1 at 10–11.)

defendants. *Madden*, 2007 WL 4143209, at \*3 (Nov. 19, 2007). The Court granted the Town's subsequent motion to dismiss, concluding that Madden had failed to show good cause. *Madden*, 2008 WL 2483295, at \*3, *appeal dismissed*, 359 F. App'x 204 (2d Cir. 2009).

In 2012, Madden filed suit in this Court against the Vermont Public Service Board and the Vermont Supreme Court (and the individual Members of those bodies), alleging that they had deprived him of his rights in the course of their rulings regarding a solar farm in the Town. *See* Complaint, *Madden v. Vt. Pub. Serv. Bd. et al.*, No. 1:12-cv-129 (D. Vt. June 11, 2012), ECF No. 1.[5] The Court dismissed the complaint because Madden had violated the Court's June 14, 2005 Order in *Madden v. Vermont Environmental Court* by filing suit against a Vermont court without seeking leave. Order Dismissing Case, No. 1:12-cv-129 (D. Vt. July 18, 2012), ECF No. 7, *motion to alter or amend denied*, Aug. 6, 2012, ECF No. 11. Madden appealed, and the Second Circuit dismissed the appeal as frivolous and barred by the *Rooker-Feldman* doctrine. *Madden v. Vt. Pub. Serv. Bd.*, No. 12-3516 (2d Cir. Jan. 17, 2013), ECF No. 65. In a subsequent order, the Second Circuit also imposed a leave-to-file sanction upon Madden, requiring that he obtain leave of Court before filing any appeal against the State of Vermont or any of its state agencies. *Id.* (2d Cir. Apr. 24, 2013), ECF No. 77.

---

[5] The Vermont Supreme Court decision at issue was *In re Cross Pollination*, 2012 VT 29, 191 Vt. 631, 47 A.3d 1285 (mem.), *motion for reargument denied* May 10, 2012, *motions for reconsideration and disqualification denied* June 4, 2012.

### B. Madden's Motive

The cases cited above demonstrate a relatively substantial history of nonmeritorious litigation and failures to comply with court rules and orders. The Second Circuit has explicitly found at least one of Madden's appeals to be frivolous. *Madden v. Vt. Pub. Serv. Bd.*, No. 12-3516 (2d Cir. Jan. 17, 2013), ECF No. 65. In light of that history, it appears that Madden has, in several instances, pursued litigation with no objective good-faith expectation of prevailing.

### C. Self-Representation

Madden represents himself in the above-captioned case. This Court has previously observed that "a litigant's *pro se* status is not a 'passport to waste the court's time indefinitely.'" *Coon v. Sw. Vt. Med. Ctr.*, Civil Action No. 2:13-cv-182, 2014 WL 4925115, at *7 (D. Vt. Sept. 30, 2014) (quoting *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219, 19 A.3d 112). The Court notes, however, that because Madden is proceeding *pro se*, he may not appreciate the operation of the claim-preclusion doctrine.

### D. Expense to Parties and Burden on Courts

The Town asserts that "Madden's litigious posture, especially in regards to unwarranted filings such as the present Motion to Amend and his prior untimely appeal, create burdensome costs to the Town—a small municipality, whose expenditures must be shouldered by a limited number of taxpayers." (Doc. 35 at 3.) The Town maintains that Madden's litigation is also a burden "to the property owners and town residents whose future plans are on hold awaiting a final resolution of this minor zoning change." (*Id.*) Madden maintains that the zoning change at issue is not "minor." (*See* Doc. 37 at 2.)

6

Notwithstanding Madden's expressed interest in the issue, the Court concludes that his litigation is subjecting the Town to considerable expense as it defends litigation that has thus far proven nonmeritorious. The burden on the courts is likewise troubling, given Madden's repeated filings.

### E. Adequacy of Other Sanctions

Most of the factors discussed above favor the Town's request for a leave-to-file sanction. And there is some reason to think that lesser sanctions may not be adequate. Indeed, Madden has previously disregarded warnings that filing frivolous actions could result in sanctions against him. *See Madden v. Vt. Pub. Serv. Bd.*, No. 12-3516 (2d Cir. Jan. 17, 2013), ECF No. 65 (noting that prior warnings did not prove effective).

It appears, however, that the above-captioned case is Madden's first nonmeritorious federal case against the Town of New Haven. (The merits of Madden's 2007 suit against the Town were never tested because of his failure to properly serve the Town.) Moreover, in light of Madden's *pro se* status, he may not fully appreciate the claim-preclusion doctrine. Finally, the Court is particularly reluctant to enjoin Madden from filing suit against the town of his residence. Accordingly, the Court DENIES the Town's request for a leave-to-file sanction but warns Madden that such a sanction will likely be imposed if he persists in pursuing frivolous litigation against the Town.

### Conclusion

For the reasons discussed above, Madden's Motion to Amend the Judgment (Doc. 33) is DENIED and the Town's Motion for Order of Protective Relief (Doc. 35) is

DENIED.  Madden is warned that a leave-to-file sanction will likely be imposed if he persists in pursuing frivolous litigation against the Town.

Dated at Burlington, in the District of Vermont, this 21st day of September, 2015.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge